## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

YAZAN MUSLEH and HUDA MUSLEH,

       Plaintiffs,

v.                                                  Case No. 10-11344

STATE FARM FIRE AND CASUALTY
COMPANY,

       Defendant.

_____/

## OPINION AND ORDER DENYING
## DEFENDANT'S MOTION FOR RECONSIDERATION

Pending before the court is Defendant State Farm Fire and Casualty Company's

motion for reconsideration. Having reviewed the brief and exhibits, the court concludes

no response or hearing on this motion is necessary. *See* E.D. Mich. LR 7.1(h)(2). For

the reasons stated below, the court will deny Defendant's motion.

## I. BACKGROUND

Plaintiffs Yazan Musleh and Huda Musleh brought suit against Defendant in

Wayne County Circuit Court seeking enforcement of an insurance contract. Defendant

timely removed the case to this court based upon diversity of citizenship on April 5,

2010. After discovery, Defendant filed a motion for summary judgment on October 8,

2010. Hearing was held on December 6, 2010, during which Defendant argued for

dismissal with prejudice. On December 13, 2010, the court issued its "Opinion and

Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment

and Dismissing Without Prejudice." Defendant timely filed the instant motion for

reconsideration, asserting that the court improperly applied Michigan law in dismissing without prejudice Plaintiffs' claims.

The underlying facts of the case are as follows. Plaintiffs entered an insurance contract with Defendant that covered, inter alia, fire damage to their home in Detroit, Michigan. On March 21, 2008, fire destroyed the building and personal property located within it. Plaintiffs timely filed a claim for reimbursement of their losses under the insurance contract, including the destruction of a substantial amount of currency from one of Yazan Musleh's struggling businesses. Defendant investigated the claim and became suspicious of the origin of the blaze. Concerned that Plaintiffs may have intentionally burned the building, Defendant requested various financial documents from Plaintiffs and Plaintiffs' businesses. Among the documents requested were personal and business tax returns. Although Plaintiffs provided various financial documents after repeated requests, there is no evidence or assertion that the tax documents were provided prior to the commencement of the instant suit. The insurance contract required Plaintiffs to provide documents reasonably requested by Defendant prior to bringing suit. (Homeowners Policy, Section I - Conditions (2)(d), Def. Mot. Ex. A, 13.) As the court determined the failure to provide the tax documents did not constitute "willful noncompliance" under *Thomson v. State Farm Ins. Co.*, 592 N.W.2d 82, 87 (Mich. Ct. App. 1998), the court dismissed Plaintiffs' claims without prejudice. Defendant now challenges the determination that Plaintiffs' noncompliance was not "willful."

2

## II. STANDARD

Federal Rule of Civil Procedure 60 permits a court to grant relief from an order

for several reasons, including "excusable neglect" and "newly discovered evidence that,

with reasonable diligence, could not have been discovered in time to move for a new

trial."  Fed. R. Civ. P. 60(b).  Eastern District of Michigan Local Rule 7.1 provides that a

motion for reconsideration shall be granted only if the movant can (1) "demonstrate a

palpable defect by which the court and the parties have been misled," and (2) "show

that correcting the defect will result in a different disposition of the case."  E.D. Mich. LR

7.1(h)(3).  "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest,

or plain.'"  *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing

*United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).  A motion for

reconsideration that presents "the same issues ruled upon by the court, either expressly

or by reasonable implication," will not be granted.  E.D. Mich. LR 7.1(h)(3); *Czajkowski*

*v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).

## III. DISCUSSION

Defendant asserts three "palpable defects" in the court's order granting partial

summary judgment.  First, Defendant argues the court impermissibly placed the burden

of proving the willfulness of noncompliance upon the insurer, rather than the insured.  In

*Thompson*, the Michigan Court of Appeals stated:

> Informed by the above authority, we conclude that "wilful
> noncompliance" in the context at hand refers to a failure or refusal to
> submit to an EUO or otherwise cooperate with an insurer in regard to
> contractual provisions allowing an insurer to investigate a claim that is part
> of a *deliberate* effort to withhold material information or a *pattern of*
> *noncooperation* with the insurer.

3

In the case before us, the Thomsons voluntarily provided recorded statements to State Farm. We regard this as at least a minimal showing that the Thomsons were not deliberately intending to withhold material information from State Farm. However, we emphasize that in future cases it will not be sufficient to volunteer, or even to participate in giving, unsworn statements to the insurer. As a practical matter, we recognize that virtually the only way by which an insurer can demonstrate that an insured has deliberately withheld material information is through the process of taking an EUO. Therefore, the burden henceforth is on the *insured* to demonstrate that the insured has not deliberately withheld material information. This burden will be an extraordinarily difficult one to meet.

592 N.W.2d at 87-88 (emphasis in original) (footnotes omitted). The *Thompson* court was dealing only with the refusal of an insured to submit to an Examination Under Oath ("EUO"), noting that "virtually the only way by which an insurer can demonstrate that an insured has deliberately withheld material information is through the process of taking an EUO." *Id.* at 88. Reviewing tax documents—however necessary for the insurer's investigation of a claim—is not a vital tool for showing willfulness of Plaintiffs' noncompliance. Indeed, the *Thompson* court's statement would be meaningless unless the insurer generally bears the burden of showing willfulness.

Responding to a vigorous dissent of this language, the *Thompson* court clarified its statement in a footnote:

We note that the clarity of controlling case law is relevant to the determination whether an insured has engaged in a pattern of noncooperation with an insurer. In this case, before the release of the *Yeo* opinion, the insureds would not submit to an EUO, but agreed to do so after their legal obligation in that regard was made clear by *Yeo*. We find it entirely appropriate to note that application of the same legal principle regarding a pattern of noncooperation will differ in any possible future cases in which an insured refuses to submit to an EUO despite the opinion in *Yeo* (and in this case). . . . [W]e do not purport to adopt a rule, but, rather, to enunciate with some clarity the legal principles inherent in our holding in this case.

4

*Id.* at 88 n.8.  From this, it is apparent that the strong language cited by Defendant regarding the "extraordinarily difficult burden" of the insured to prove noncompliance was *not* willful is directed to the clear case of outright refusal to submit to an EUO.  The *Thompson* court simply noted that, under this bright line rule regarding EUOs, noncompliance would be presumed willful.  Even thus limited, the court's prediction regarding future cases was *obiter dictum*.  *Id.* at 90 (Griffin, J., dissenting).  This court declined, and again declines, to expand the rule enunciated by the courts of Michigan beyond its clearly circumscribed bounds.

Second, Defendant argues this court erred in its application of *Gibson v. Group Insurance Company*, 369 N.W.2d 484, 486 (Mich. Ct. App. 1985), and *Bernadich v. Bernadich*, 283 N.W. 5, 7 (Mich. 1938).  Although no willful noncompliance was found, Defendant argues that prejudice was not required for the court to dismiss with prejudice because Plaintiffs failed to substantially comply with the insurance contract provisions.  Defendant cites the inapposite case of *Dellar v. Frankenmuth*, 433 N.W.2d 380, 383 (Mich. Ct. App. 1988), which found that failure to file a proper statement of loss within sixty days—as expressly provided in the insurance contract—would bar recovery, "without regard to whether the insurer is prejudiced by such a failure."  However, *Dellar* dealt with a contract provision that expressly required filing of a statement of loss within sixty days.  *Id.* at 382 (distinguishing cases where no clear period for filing claims were contained in contracts).  The *Dellar* court cited *Reynolds v. Allstate Insurance Company*, 332 N.W.2d 583 (Mich. Ct. App. 1983), as authority for the proposition that failure to meet a contractual deadline barred recovery regardless of prejudice.  In *Reynolds*, the court clearly focused on the express time requirements of the contract, noting that "[a]ll

5

of the cases relied upon by plaintiff are distinguishable [in that] [n]one of those cases involved situations in which the policy contained an explicit time requirement for filing a written proof of loss." *Id.* at 584 (emphasis added).

Defendant acknowledges some factual distinctions between its cited authority and the instant case, but it argues for extension of the rationale. The underlying rationale is not, however, equally applicable to the instant case. Failure to submit a proper claim within a time certain after an insured event prevents an insurer from even beginning an investigation, whereas failure to provide some documents within some vague time period merely prevents the insurer from completing a full investigation. The former inherently prejudices the insurer in a manner the latter does not. Additionally, Defendant's argument that its letter contained clear deadlines is unavailing. The cases barring recover for failure to meet deadlines involved explicit deadlines in the contracts themselves, to which the parties agreed ex ante. Defendant's unilateral, ex post imposition of deadlines is a far cry from the bargained-for terms of the contracts in *Dellar* and *Reynolds*. As above, the court considered the cases cited by Defendant and declined to adopt such a significant extension of Michigan law.

Third, Defendant argues the court incorrectly determined that Defendant had not been prejudiced by Plaintiffs' noncompliance. Defendant provides no authority that the potential exposure to further litigation expenses work a prejudice against it sufficient to justify dismissal with prejudice. This is unsurprising, as such alleged prejudice would be present in virtually every dismissal without prejudice. Defendant's second contention of prejudice, however, requires closer examination. Defendant cites the penalty interest provisions of the Uniform Trade Practices Act, which states in relevant part:

6

> (4) If benefits are not paid on a timely basis the benefits paid shall bear
> simple interest from a date 60 days after satisfactory proof of loss was
> received by the insurer at the rate of 12% per annum, if the claimant is the
> insured or an individual or entity directly entitled to benefits under the
> insured's contract of insurance. If the claimant is a third party tort claimant,
> then the benefits paid shall bear interest from a date 60 days after
> satisfactory proof of loss was received by the insurer at the rate of 12%
> per annum if the liability of the insurer for the claim is not reasonably in
> dispute, the insurer has refused payment in bad faith and the bad faith
> was determined by a court of law.

Mich. Comp. Laws § 500.2006(4).  Defendant contends that Plaintiffs may be able to

recover penalty interest if they are successful upon a subsequent claim after providing

the requested documents.  Although Defendant failed to argue this prejudice prior to this

point and provided no cases to support its argument in the instant motion, the argument

nonetheless has some merit.  "[A] first-party insured is entitled to 12 percent penalty

interest if a claim is not timely paid, irrespective of whether the claim is reasonably in

dispute." *Griswold Properties, L.L.C. v. Lexington Ins. Co.*, 741 N.W.2d 549, 551 (Mich.

Ct. App. 2007), appeal denied 743 N.W.2d 875 (Mich. 2008).  Should Plaintiffs produce

the documents and succeed in a subsequent suit, they could benefit by their delay

under the § 500.2006(4).

This potential interest penalty cannot, however, suffice as prejudice to Defendant

requiring dismissal with prejudice.  Should it suffice, the willfulness analysis of

*Thompson* and the cases following it would be unnecessary.  592 N.W.2d at 87.  As

*Thompson* is more directly on point, it must control to the extent that it is inconsistent

with *Gibson*.  It must also be noted that *Gibson* stands for the proposition that a case

should not be dismissed with prejudice in the absence of prejudice to the moving party.

369 N.W.2d at 486.  The analysis in *Bernadich* upon which *Gibson* relies indicates a

7

concern for avoiding forfeitures through dismissal without prejudice, rather than a

concern for ensuring finality through dismissal with prejudice.  Defendant has offered no

argument or authority to the contrary.  *Bernadich*, 283 N.W. at 7 (declaring that courts

"will never seek for a construction of a forfeiture clause in a policy which will sustain it, if

one which will defeat it is reasonably deducible").  Therefore, Defendant has failed to

show any "palpable defect" the correction of which "will result in a different disposition of

the case."  *See* E.D. Mich. LR 7.1(h)(3).

### IV. Conclusion

IT IS ORDERED that Defendant's motion for reconsideration [Dkt # 26] is

DENIED.


_S/Robert H. Cleland_
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE


Dated:  January 5, 2011


I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, January 5, 2011, by electronic and/or ordinary mail.


_S/Lisa Wagner_
Case Manager and Deputy Clerk
(313) 234-5522